## W. B. Linton v. Brownsville Land & Irrigation Company.

### Decided April 27, 1907.

**1.—Ambiguous Contract—Construction—Pleading.**

In construing an ambiguous contract the rule is that the language by which a party binds himself must be taken most strongly against him. Contract concerning a crop of rice considered, and held to warrant the construction placed on the same by the plaintiff to the effect that defendant guaranteed to plaintiff a certain number of sacks of rice per acre, or their value if the crop failed

**2.—Same.**

One suing upon a contract may either set it out in haec verba, or may aver its substance and legal effect, but if the contract is ambiguous he must by averment disclose the construction placed on it by him and on which he relies for judgment.

Appeal from the County Court of Cameron County. Tried below before Hon. John Bartlett.

*Creager & Hudson,* for appellant.—Plaintiff's first amended original petition in this case sets up a good cause of action against the defendant. Roberts v. Short, 1 Texas, 380; Epperson v. Young, 8 Texas, 135; Smith v. Parvin, 1 Texas App. Civ., 154; Lemp v. Armengol, 26 S. W. Rep., 941; Ginnuth v. Blankenship, 28 S. W. Rep., 828; Smith et al. v. Brown, 1 S. W. Rep., 573; Levy v. Tatum, 43 S. W. Rep., 941; Gulf, Col. & S. F. Ry. Co. v. Schawe, 55 S. W. Rep., 357; Smith v. Falwell, 21 Texas, 467; Anson on Contracts, pp. 321 et seq.; Rule of Dist. Courts, 17; Vielma v. I. & G. N. Ry. Co., 31 S. W. Rep., 212: Pennington v. Schwartz, 70 Texas, 212.

*James B. Wells* and *Kleberg, Davidson & Neethe,* for appellee.— The court did not err in sustaining the general demurrer to the petition of the plaintiff, because the contract set out in plaintiff's petition means that the plaintiff was to receive all the rice raised on the land of the defendant up to six barrels per acre, and if this land failed to raise this much, that then he should be entitled only to the amount actually raised; and further, that if the crop was destroyed by the act of God after it had been ascertained that six barrels per acre had been raised, then such loss should be borne by the plaintiff and the defendant alike, and no one should be entitled to anything under the contract. Lemp v. Armengol, 86 Texas, 693.

The court did not err in sustaining the general demurrer to the petition of the plaintiff, because the contract set out in his petition is ambiguous, and it was therefore necessary for the plaintiff to show by proper allegations in his petition what the parties understood by such contract, and that they understood it to mean what he contends for, and this he failed to do. Adams v. Hicks, 41 Texas, 239; Mims v. Mitchell, 1 Texas, 446; Carter & Hunt v. Wallace, 2 Texas, 206; Paul v. Perez, 7 Texas, 338.

GILL, CHIEF JUSTICE.—W. B. Linton brought this suit against the Brownsville Land and Irrigation Company to recover the value of 348 barrels of rice. The suit was based upon a written contract between the parties as follows:

Brownsville, Texas, February 7, 1905.
The following agreement, for the season of 1905, has been entered into with W. B. Linton by the Brownsville Land and Irrigation Company:

That W. B. Linton is guaranteed six (6) barrels of rice for his part, per acre, off of a certain tract of land located on Rancho Viejo, containing about 150 acres, known as the J. J. Hackney land of 1904, before the Brownsville Land and Irrigation Company are to receive any rental for either land or water. This is provided he plows, plants, cares for while growing, and uses due diligence in harvesting, and the same is not destroyed by the acts of God if after it is decided that the crop would have amounted to six barrels had it not been destroyed. That the Brownsville Land and Irrigation Company will pay W. B. Linton 25 cents U. S. Cy. for each sack of rice that they may receive as their share, based on regular rental of two-fifths for the company and three-fifths for W. B. Linton. That the Brownsville Land and Irrigation Company will furnish W. B. Linton good seed rice for the sum of $2.50 per barrel, at its warehouse in Brownsville, Texas. Said seed account not to be due or paid until six (6) barrels per acre of rice is produced off of land planted.

That four seepage ditches considered by W. B. Linton as too shallow, are to be deepened by the company.

These agreements have been made so as to allow the Brownsville Land and Irrigation Company full control over said crop, and to allow for any and all experimenting considered necessary by them as to when and how the crop should be planted and tended.

Witness:                Brownsville Land and Irrigation Co.,
    A. W. Wood.                    by W. M. Ratcliffe, Mgr.
                                        W. B. Linton.

Plaintiff averred that acting under this contract he planted rice upon 150 acres of land described in the contract, and in every respect complied with its terms. That the land, however, produced only 552 barrels of rice, wherefore the defendant became liable and bound to deliver to plaintiff the difference between the number of barrels raised and 900 barrels, the number guaranteed to plaintiff by defendant. The value of the 348 barrels was placed at $1,252.80,

upon which was allowed a credit of $255 for seed rice furnished by defendant and for which plaintiff conceded his liability.

The general demurrer was urged against the petition and was by the trial court sustained, and this action is here assailed under an appropriate assignment of error.

It is sought to be upheld by appellee upon two grounds: First. Because the contract is incapable of any construction save that plaintiff should have six barrels per acre only in case he raised that much, and second, if this is not true, the contract is nevertheless ambiguous, and in order to make the petition good as against a general demurrer it was necessary that plaintiff specifically allege the conduct of the parties at its date, the true understanding of the parties, their subsequent construction thereof, and such other facts and circumstances as would properly bear upon such construction in order that defendant might be prepared to meet and controvert such proof.

We are of opinion the action of the court in sustaining the demurrer can not be justified upon either of the grounds stated. In the first place, the contract read in its entirety is easily susceptible of the construction that has been placed upon it by the plaintiff. The word "guaranteed" if given its usual meaning will sustain the construction insisted on by plaintiff, and the rule is that the language by which a party binds himself must be taken most strongly against him. It is said a man is responsible for the ambiguity of his own expressions, and has no right to contract with one who acts on supposition that his words mean one thing in the hope that the courts will construe them to mean another. 9 Cyc. 590. In this view the *prima facie* construction would favor the contention of plaintiff, and it would devolve on defendant to show that the parties used the terms with another and different signification.

We do not lose sight of that other rule of construction to the effect that the terms of a contract should not be given an unreasonable meaning, or one which would result in imposing hard or inequitable conditions, if they be reasonably susceptible of a different meaning, and that in such case the doubt should be resolved in favor of the milder meaning. 9 Cyc., 587. But we are of opinion the *prima facie* construction to which we incline does not appear on the face of the instrument to be either unreasonable or necessarily to impose hard conditions.

The terms of the instrument disclose that it was the purpose of the company to experiment, and that the unusual and peculiar concessions made to the tenant were due to that fact. To that end the company retained absolute control over the method of cultivation. They did not propose to follow any beaten path in its planting or cultivation. The methods to be adopted were perhaps untried and beyond the light of experience so that no man could tell but that at some promising point in the life of the crop they might prove utterly destructive and result in the loss of all Linton's labor and outlay. As to the character of these experiments he had no voice nor was he advised in advance what they would be. By this contract he bound himself blindly to go to the expense of planting, cultivating

and harvesting a rice crop subject to the unknown and untried experiments of another. Apparently he took the precaution to prescribe that at all events he should have six barrels per acre for his pains. The contract is at least reasonably susceptible of that construction. It follows that the general demurrer was improperly sustained.

We are also of opinion that the petition is good against the other ground of complaint. It is broadly true that the pleader in declaring on a contract need not set it out *in haec verba,* but may aver its substance and legal effect. If, then, in this case the pleader had chosen to pursue the latter method, and had alleged that defendant had induced him to plant and cultivate a rice crop on a guaranty of six barrels per acre the petition would unquestionably be good against a general demurrer, and the contract in question would as obviously be admissible in support of the averments. And this even if it be conceded that the contract is as susceptible of the one construction as the other.

It has been held, however, and we think rightly, that one suing on an ambiguous contract who chooses to set it out *in haec verba* must put a definite construction on it by averment. Durkee v. Cota, 74 Cal., 313; Joseph v. Holt, 37 Cal., 253; 4 Ency. Pl. & Pr., 918. This, however, amounts to nothing more than the familiar principle that the pleading must be sufficiently certain to support a judgment. In the case first cited the contract was susceptible of more than one construction, and it was held, not that the pleader must allege the facts and circumstances upon which he predicated a particular construction, but that he must by a sufficiently clear averment indicate to the court the construction under which he predicated his right to a judgment.

In the case before us it so happens that by the facts averred and relief demanded the pleader has clearly indicated the construction placed by him upon the terms of the instrument embodied in his petition.

For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*