## GREENE GOLD–SILVER CO. et al. v. SILBERT.

(Court of Civil Appeals of Texas. El Paso. June 26, 1913.)

1. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error not complying with rules of the Court of Civil Appeals (rule 25 [142 S. W. xii]), which requires them to refer to that portion of the motion for new trial in which the error is complained of, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—BRIEF.

Assignments of error will not be considered on appeal, where the propositions in the brief subjoined to the assignments are not sufficient to support the same, as required by rules of the Court of Civil Appeals. Rule 31 (142 S. W. xiii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000.; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 763*) — BRIEF — AMENDMENT.

A brief offered as an amendment to the original brief of appellant could not be considered, where it was not merely a citation of additional authorities, as authorized by rule 38 (142 S. W. xiii), but was evidently intended to meet appellee's objection that the original briefs did not contain proper statements under the various propositions; amendments other than those authorized by such rule being permitted only for good cause shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3098; Dec. Dig. § 763.*]

4. APPEAL AND ERROR (§ 748*) — REVIEW — FUNDAMENTAL ERROR.

An objection that the petition was insufficient to support the judgment, being one presenting fundamental error, was reviewable, though the appellee had not complied with the rules relative to the presentation of errors.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3058–3064; Dec. Dig. § 748.*]

5. JUDGMENT (§ 18*)—PLEADING—AMBIGUOUS INSTRUMENTS.

Where written instruments relied on in the petition are pleaded in hæc verba, and are ambiguous, the pleader must, by averment, place some definite construction upon them in order to cure the ambiguity and support a judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 34–37; Dec. Dig. § 18.*]

Appeal from District Court, El Paso County; J. F. Woodson, Special Judge.

Action by B. J. Silbert against the Greene Gold-Silver Company and others. From judgment for plaintiff, defendants appeal. Affirmed.

J. E. Wharton, of El Paso, for appellants. Goldstein & Miller, of El Paso, for appellee.

HIGGINS, J. [1, 2] The assignments of error in this cause cannot be considered: First. Because they do not comply with that provision of rule 25 (142 S. W. xii), which requires that they refer to that portion of the motion for a new trial in which the error is complained of. El Paso Electric Railway Co. v. Lee (on rehearing) 157 S. W. 748, and W. U. Tel. Co. v. Hill, 158 S. W. ——, both cases recently decided by this court and not yet officially reported. Second. Because the propositions in the brief subjoined to the assignments are not supported by such statement as is necessary and sufficient to explain and support the same, as required by rule 31 (142 S. W. xiii). Wirtz v. Railway Co., 132 S. W. 510, and numerous cases cited in 3 Michie, Enc. Dig. p. 203 et seq.

[3] On the day before the submission of this cause there was filed by appellants copies of what it seems is intended as an amendment to their original brief. It does not upon its face purport to be an amendment, but was evidently so intended, and was evidently further intended to meet the objection made by appellee to the original briefs that same did not contain proper statements under the various propositions. This is not such an amendment of the original brief as is authorized by rule 38 (142 S. W. xiii), and we will not consider the brief filed herein on May 28, 1913. Peck v. Morgan, 156 S. W. 917. Only for good cause shown will this court ever permit amendments to briefs, except such as is specially authorized by the rule just noted.

[4] The telegrams and letters, relied upon by appellee as evidencing the contract sued upon, are set out in the petition in hæc verba. In so far as concerns liability for past-due salary, the same are regarded as ambiguous. The question of the sufficiency of the petition to support a judgment for such salary, therefore, arises. This presents a question of fundamental error, which it is our duty to pass upon, regardless of appellants' compliance with the rules.

[5] Since the telegrams and letters are pleaded in hæc verba, the petition, of necessity, must partake of whatever ambiguity exists therein, and in such case the pleader, by averment, must place some definite construction thereon, in order to cure the ambiguity and to support a judgment. Linton v. Brownsville L. & T. Co., 46 Tex. Civ. App. 225, 102 S. W. 433; Durkee v. Cota, 74 Cal. 316, 16 Pac. 5; 4 Ency. Pl. & Pr. 918. In this case the allegations sufficiently show the construction placed by appellee upon the contract, and the petition is sufficient. McCauley v. Long, 61 Tex. 74; Wooters v. Railway Co., 54 Tex. 294.

Affirmed.