## GILLETT v. HOLLIGAN.

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1913.)

1. APPEAL AND ERROR (§ 917*)—PRESUMPTIONS.

Where the record does not show that any action was taken by the trial court on exceptions to the petition, it will be presumed that they were waived by appellant and not called to the trial court's attention.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3706–3709; Dec. Dig. § 917.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENT.

References to the transcript of the evidence cannot be made to take the place of a statement for the purpose of having an assignment of error considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 216*) — HARMLESS ERROR—FAILURE TO CHARGE

In absence of a requested charge to supply an omission in the charge given, such omission will not be ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 627.]

4. MECHANICS' LIENS (§ 33*)—RIGHT TO LIEN.

Upon finding that defendant was indebted to plaintiff for a well dug on defendant's land, the law gave an implied lien on the land for security for the debt.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 32, 33, 38; Dec. Dig. § 33.*]

Appeal from District Court, Karnes County; John M. Green, Judge.

Action by O. B. Holligan against E. G. Gillett. From a judgment for plaintiff, defendant appeals. Affirmed.

A. J. Parker, of San Antonio, for appellant. Searcy & Browne, of San Antonio, for appellee.

FLY, C. J. Appellee instituted this suit against appellant to foreclose a lien on the latter's land; said lien arising from appellee having, at the instance and request of appellant, dug a well on said land, for which appellant failed and refused to pay. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee.

[1] Assignments of error from 1 to 6, inclusive, complain of the refusal of the court to sustain certain exceptions to the petition. The record fails to disclose that any action was taken by the court on the exceptions. In such case it will be presumed that the exceptions were waived by appellant and were not called to the attention of the court. Mims v. Mitchell, 1 Tex. 443; Jones v. Black, 1 Tex. 527; Elliot v. Mitchell, 28 Tex. 105.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[2] The seventh assignment is not followed by a sufficient statement and will not be considered. References to the transcript of the evidence cannot supply the place of a statement. Gibson v. Oppenheimer, 154 S. W. 694.

[3] The tenth assignment of error complains of an omission in the charge of the court. In the absence of a requested charge to supply the omission, it will not cause a reversal. Railway v. O'Donnell, 58 Tex. 27; Queen Ins. Co. v. Jefferson Ice Co., 64 Tex. 578; Railway v. Leak, 64 Tex. 654; Harrell v. Houston, 66 Tex. 278, 17 S. W. 731.

Appellant admitted that appellee dug a well for him on his land and that he was indebted in some sum for the well. He did not deny the existence of the facts which created the statutory lien but sought to offset a claim against the amount due for the well. The jury found the existence of the debt and necessarily thereby found the existence of the lien. The lien was proved, and, as held by this court in Richardson v. Herbert, 135 S. W. 628, "when the jury found that a debt existed, they necessarily found that the lien existed, and it was the duty of the court to foreclose the lien."

[4] The jury found that a debt was due for the well dug on appellant's land; the law gave the lien; and it was the duty of the court to declare it.

The judgment is affirmed.