TEXAS–MEXICAN RY. CO. v. REED.

(Court of Civil Appeals of Texas. San Antonio. March 11, 1914. Rehearing Denied April 8, 1914.)

1. PLEADING (§ 34*)—DEMURRER—DETERMINATION—PRESUMPTIONS.

When attacked by general demurrer, every reasonable intendment will be indulged in support of a petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENT.

The statement contemplated by the rules of the Courts of Civil Appeals cannot be supplied by referring to another assignment or proposition as a statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENT.

An assignment of error will not be considered where it is not followed by any statement and there is no reference to any page of the record for special exceptions, being contrary to Courts of Civil Appeals Rules 25–31 (142 S. W. xii, xiii), relating to the sufficiency of the statement required, etc.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. TRIAL (§ 392*)—CONCLUSIONS OF FACT.

The trial judge need not adopt the conclusions of fact and law prepared by a party, so that an assignment of error that it did not do so is bad, as appellant should have attacked the findings if it claimed that the facts did not support them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 916–919; Dec. Dig. § 392.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—"STATEMENT."

A "statement" following an assignment of error should cull from the mass of testimony the facts relied upon to sustain the assignment; a mere reference to pages of the testimony from which the proper facts may be ascertained not being sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*

For other definitions, see Words and Phrases, vol. 7, p. 6643.]

6. CARRIERS (§ 229*) — LIVE STOCK — ACTION FOR INJURIES.

It is not necessary that live stock be put upon the market for sale in order to entitle the owner to recover its impaired value because of negligent injuries, etc., in shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

Appeal from District Court, Bee County; F. G. Chambliss, Judge.

Action by J. P. Reed against the Texas-Mexican Railway Company and others. From a judgment for plaintiff against the defendant named and others, it appeals. Affirmed.

Greer & Hamilton, of Laredo, for appellant. Dougherty & Dougherty and H. S. Bonham, all of Beeville, for appellee.

FLY, C. J. This is a suit for damages to cattle shipped by appellee from Navasota to Hebbronville, Tex., against the Houston & Texas Central Railway Company, the Galveston, Harrisburg & San Antonio Railway Company, the San Antonio & Aransas Pass Railway Company, and appellant. It was alleged that the cattle were delivered to the Houston & Texas Central Railway Company at Navasota, Tex., and were transported by it to Houston, thence by the Galveston, Harrisburg & San Antonio Railway Company to Beeville, thence by the San Antonio & Aransas Pass Railway Company to Alice, and thence by appellant to Hebbronville. It was

alleged that each company negligently delayed the cattle on sidings and switches; that each roughly handled the cattle, thereby injuring them; that they failed to provide adequate facilities for loading and unloading to rest, water, and feed them. Special damages were set up against the Galveston, Harrisburg & San Antonio Railway Company as to the handling of the cattle at Victoria. The trial resulted in a verdict and judgment for $2,000, the sum of $500, being apportioned to appellant. Judgment was in favor of the initial carrier.

[1] The petition was not open to attack by general demurrer. When so attacked every reasonable intendment will be indulged to support the pleading. The first assignment is overruled.

[2, 3] The second, third, and fourth assignments of error are grouped, and relied on as propositions in themselves. They are not followed by any statement, but it is said: "For a statement and argument thereunder we rely upon our first proposition, its statement and argument." Reference to another assignment or proposition is not the statement contemplated by the rules; but, if it were, the statement under the "first proposition" throws no light upon these assignments. Nowhere is the statement made that special exceptions were filed, nor is there reference to any page of the record. No attention has been paid to rules 25, 30, and 31 for Courts of Civil Appeals (142 S. W. xii, xiii). The assignments will not be considered.

[4] The fifth assignment of error is submitted as a proposition, but it is so general that it would require a perusal of the whole statement of facts if it was in other respects placed upon a proper basis. It complains that the court did not "adopt as its findings of fact and conclusions of law those prepared and offered by this defendant's attorneys, in that the same are in accord with the testimony and law of this case." The court filed conclusions of fact and law, and no attack is made upon them; the contention being that the court should have permitted appellant to prepare the conclusions of law and fact. There is no law requiring a trial judge to adopt conclusions of fact and law prepared by any litigant, and appellant has no cause of complaint because its conclusions were not adopted. If it wanted to insist that the facts were not sufficient, it should have attacked the findings of the trial judge. While the assignment of error is insufficient to raise the issue, we conclude that the findings of fact of the trial judge are supported by the statement of facts, and they are adopted as the conclusions of fact of this court.

[5, 6] The sixth assignment of error is not followed by a proper statement. A statement should cull from the mass of testimony the facts relied upon to sustain the assignment. A reference to pages of testimony from which the appropriate facts may or may not be gleaned amounts to no statement at all. There is, however, no merit whatever in the assignment which seeks to question the sufficiency of the evidence to sustain the judgment against it. "If plaintiff intended to pasture his cattle, he was entitled to have the full benefit of their condition as it was when they should have been shipped, and it is not necessary that property should be upon the market for sale in order to entitle the owner to have its impaired value restored by the person causing the injury." Railway v. Hume, 87 Tex. 211, 27 S. W. 110; Railway v. Stanley, 89 Tex. 42, 33 S. W. 109; Railway v. Word, 51 Tex. Civ. App. 206, 111 S. W. 753; Railway v. Rich, 51 Tex. Civ. App. 313, 112 S. W. 114. The evidence showed negligence in appellant in allowing the cattle to stay in the cars all night at Alice.

The judgment is affirmed.