WALDON v. DAVIS. (No. 100.)*

(Court of Civil Appeals of Texas. Beaumont. March 9, 1916. Rehearing Denied April 20, 1916.)

1. APPEAL AND ERROR ☞722(1) — ASSIGNMENTS OF ERROR—FILING IN TRIAL COURT.

A general assignment of error, though not copied from the motion for new trial, constituting the only assignments of error filed in the trial court, may, in connection with one copied from such motion, be sufficient for consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990, 2994–2996; Dec. Dig. ☞722(1).]

2. HUSBAND AND WIFE ☞221 — ENFORCEMENT OF LIEN—PARTIES.

The wife of the purchaser is not a necessary party to action to enforce the vendor's lien, though the purchaser has used the property as a homestead.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 707, 802–806, 968, 973, 976½; Dec. Dig. ☞221.]

3. APPEAL AND ERROR ☞282—ASSIGNMENTS OF ERROR—FILING IN TRIAL COURT.

Against objection, an assignment of error may not be considered, where no such assignment was filed with the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1662–1665; Dec. Dig. ☞282.]

Appeal from District Court, Shelby County; W. C. Buford, Judge.

Action by W. I. Davis against James Waldon. Judgment for plaintiff, and defendant appeals. Affirmed.

D. M. Short & Sons, of Center, for appellant. Davis & Davis, of Center, for appellee.

MIDDLEBROOK, J. This suit was brought in the district court of Shelby county, Tex., and sought judgment and foreclosure of vendor's lien for $715, as evidenced by two notes for $357.50 each. Note No. 1 was past due at the time of the filing of the suit, and under the terms of the notes, the second note was elected due. The notes retained a vendor's lien upon said lands, and a vendor's lien was also retained in the deed executed to Waldon at the time the notes were executed.

Numerous pleadings were filed by both sides, which, briefly stated, amount to affirmation by the plaintiff that he was the owner and holder in good faith, for a valuable consideration, of the note sued on, and that if the notes did not properly and legally retain a vendor's lien upon the land, and he was a purchaser in good faith for value of the notes, without notice or knowledge of any defense against the notes, and was therefore an innocent purchaser of the notes before their maturity. This plea was in addition to the ordinary plea for judgment and foreclosure of the vendor's lien.

Defendant answered by general denial, pleaded settlement of the original purchase-money note, and also pleaded simulation in the securing and execution of the notes, and that in reality the transaction was an attempt to create a mortgage upon the homestead of Waldon after the original purchase money had been paid.

The able trial judge filed very exhaustive conclusions of fact, which we copy, and which give a full statement of the case, as well as the facts supporting his conclusions.

"Findings of Fact.

"(1) I find that about 20 years ago, the testimony failing to show the date, W. D. Ellington contracted to sell James Waldon the land upon which plaintiff prays a foreclosure of the vendor's lien; and that Waldon, being a married man, a citizen of Texas, and the head of a family, moved on the land and has since continuously occupied it; that Ellington executed a bond for title binding himself to convey the land to the defendant upon payment of the purchase price, $600, with 10 per cent. interest per annum thereon from date of said bond for title until paid, which instrument was never placed of record, has been lost or mislaid, and is not in evidence.

"(2) I find that during all the time that the defendant occupied the land he paid no part of the purchase price, and that on January 1, 1911, he owed not only all the purchase money, but a considerable amount of interest, and that on that date the defendant owned a horse on which Z. W. Davis had a mortgage; that Ellington agreed to make to the defendant a conditioned deed to said land in consideration of said horse and of the execution of a vendor's lien note for $625; that Z. W. Davis agreed to allow the horse to be traded to Wellington in consideration of the defendant's agreement to make Z. W. Davis a deed to the land in question.

"(3) I find that W. D. Ellington, for the con-

sideration named, did, by deed of date January 1, 1911, convey the land in question to Waldon retaining a vendor's lien, both in the deed and note to secure the payment of the $625, which amount was evidenced by Waldon's note bearing even date with said deed payable to W. D. Ellington, with interest thereon from date until paid at the rate of 10 per cent. per annum, interest payable annually, and said principal sum of said note being due and payable, $100 annually.

"(4) I find that on February 17, 1911, defendant, Waldon, and his wife, in compliance with defendant's agreement, by a deed absolute on its face, deeded the land in question to Z. W. Davis, the deed reciting a cash consideration of $600, although, in fact, there was no consideration other than the surrender by Z. W. Davis of his right to the mortgaged horse, by means of which defendant was enabled to secure the deed.

"(5) I find that at the time of making of this conveyance the defendant was indebted to Z. W. Davis in the sum of $600, which was evidenced by the defendant's note dated January 2, 1911, due November 1, 1911, payment of which was secured by a mortgage on some stock and the defendant's crop, to be produced on the land described in said conveyance.

"(6) I find that W. D. Ellington duly transferred the note for $625 to S. C. McKee, who was the owner of same, on November 23, 1912, on which date, Z. W. Davis, at the request of the defendant, Waldon, went to the Farmers' National Bank, in Center, Tex., which was holding said note and handling same for McKee, and paid to said bank the sum of $784.60, the defendant being present, and that in defendant's presence H. E. Norris, assistant cashier, delivered said note to Z. W. Davis; and that afterwards defendant renewed said note by a statement in writing on the back thereof, as follows:

"'Jan. 2, 1913, I hereby acknowledge this within note to be an honest and just debt, due Z. W. Davis, and I agree to pay the same.
　　　"'[Signed]　James Waldon.'

"(7) I find that during the years 1912 and 1913, there was considerable dealings between defendant and Z. W. Davis, involving quite a considerable sum of money which was loaned by Z. W. Davis to defendant, to secure which mortgages on live stock and crops were given, but that on and prior to January 22, 1914, the defendant paid to Z. W. Davis all that he owed for borrowed money, which was secured by mortgages as aforesaid, and also paid a sufficient amount on the vendor's lien note then held by Z. W. Davis to reduce the amount due on same to the sum of $715; and that on said date, by agreement between the defendant and Z. W. Davis the latter conveyed the land in question to James Waldon, for the real consideration of the execution of two vendor's lien notes for the sum of $357.50 each, aggregating the amount Waldon then owed on said land note, due January 1, 1915, and January 1, 1916; said notes containing a provision authorizing the holder to mature each of said notes upon a failure to pay either of same or any installment of interest when due.

"(8) I find that on December 23, 1914, W. I. Davis, the plaintiff, purchased the notes and the superior title to said land, taking a written conveyance of said notes and land, which conveyance was duly signed and acknowledged by Z. W. Davis and by him delivered to plaintiff, who paid a valuable consideration therefor, after an examination of the records of the deeds above mentioned, all of which I find are in every respect regular upon their face, with the acknowledgments thereto in statutory form, that neither of said notes was at said time due, and that the plaintiff had no notice of any defense, real or fancied, which the defendant had or claimed as against the validity of said notes.

"(9) I find that the first of said notes matured and was not paid, that the plaintiff has elected to mature the second note, and has filed this suit for the recovery of judgment for the principal, interest, and 10 per cent. attorney's fees provided for by said note.

"(10) I find that W. I. Davis, the plaintiff, afterwards secured from W. D. Ellington a written transfer of the original $625 note of date January 1, 1911, executed by the defendant, Waldon, together with transfer of all his rights and equities in and superior title to the lands in question, which transfer was in writing, was duly signed and acknowledged by W. D. Ellington, and that after obtaining said transfer of all of Ellington's rights, equities, and interest in said note and said land, that by supplemental petition the plaintiff declared upon said note, praying in the alternative for judgment thereon with a foreclosure on the vendor's lien.

"(11) I find that said $625 note executed by James Waldon to W. D. Ellington of date January 1, 1911, contained a provision to the effect that failure to pay the interest of any installment thereof matured all of said notes, that no part of said principal sum of said note was ever paid by the defendant, James Waldon, and that after deducting all payments made on the interest due on said note on the date of the rendition of the judgment September 10, 1915, the sum of $811.85 principal and interest.

### "Conclusions of Law.

"(1) I conclude, in the light of the foregoing findings, as a matter of law, that the plaintiff, W. I. Davis, by reason of said transfer and transactions, was subrogated to all the rights to which W. D. Ellington, the original vendor, was entitled as the holder of said original vendor's lien note for $625, that he is entitled to his judgment and the foreclosure of the vendor's lien for said sum of $715, with interest at 10 per cent. per annum on $625, from January 22, 1914, until this date, amounting to the total sum of $811.85, and that he is entitled to a personal judgment against the defendant for the sum of $81.15 as attorney's fees.

"(2) I further conclude that W. I. Davis, the plaintiff is an innocent purchaser of said notes and indebtedness, and is entitled to recover against the defendant as such, and that defendant is estopped, in so far as the plaintiff is concerned, from denying the regularity of any part of the chain of title from and including the deed from W. D. Ellington to the defendant, down to and including the deed from Z. W. Davis to the defendant.

"(3) That manner of ascertaining the amount due being most favorable to the defendant, I have directed that judgment be entered for the plaintiff for the principal amount of his two notes, $715, and that interest be computed only on the sum of $625 from the date of the execution of the notes.

"(4) I conclude that the land in question is defendant's homestead, but is subject to the payment of the purchase money, but not to the credit of attorney's fees, specified in the two notes last executed, and hence a foreclosure is awarded only as to the principal debt and interest."

[1, 2] Appellant's first assignment of error is to the effect, substantially, that the judgment is void in so far as it attempts to establish a foreclosure of the lien on the land in controversy, because the testimony shows that the land in controversy is the homestead of the appellant, and was such homestead at the time of the execution of the notes, and the wife not having been made a party to the suit, no judgment could be rendered to conclude her; the homestead being an indivisible estate, she was a necessary party to the suit.

This is a general assignment of error, not copied from the motion for new trial in the

trial court; the motion for new trial being the only assignments of error filed in the trial court; but it is followed by assignments Nos. 1, 2, 3, 4, 5, 6, and 7 copied in hæc verba in appellant's brief.

Appellee objects to the consideration of this assignment of error, because it complies neither with the law nor with the rules as promulgated by the Supreme Court in briefing cases in the Courts of Civil Appeals. We think the assignment in connection with assignment No. 1, which is copied from the original motion for new trial, is sufficient for consideration; assignment No. 1 being as follows:

"The court having found it a fact that the land in controversy was the homestead of the defendant, who was a married man at the time he acquired said homestead, and that said action when said homestead was acquired was when W. D. Ellington's $600 note was paid off and the records showing that the wife is not a party to the suit the judgment rendered under such circumstances is a nullity."

It is to be observed that nothing is said in any of the proceedings of this case about the wife being a necessary party to the suit until it is mentioned in the brief of the appellant in this court; but even if such had been the case, under the facts and the findings of the trial court, we do not think appellant's contention is well taken. The wife is not a necessary party to a suit brought to foreclose the vendor's lien upon the homestead for the original purchase money of the homestead.

Again, as a matter of fact, the trial court found that the notes were for the original purchase money of the land, and he found also that W. I. Davis was an innocent purchaser of said notes before maturity for a valuable consideration. Such being true, we fail to find any merit in appellant's contention on either issue, as presented by his assignment of error. The first assignment of error is therefore overruled. See Nunez v. McElroy, 174 S. W. 829, and authorities there cited.

[3] Appellant's second assignment of error is:

"The trial judge erred in his conclusions of fact Nos. 6 and 7, as shown by bill of exception No. 4."

Appellant then copies the court's findings of fact Nos. 6 and 7 under this assignment, and follows this with:

"First Proposition under This Assignment of Error.—Where the owner of a vendor's lien note places it in a bank for collection, and not for any other purpose, the only authority the bank has in the absence of any other instructions is to collect the amount shown to be due and when the bank receives the money, as the agent of the owner of the note, this transaction constitutes a payment of said note and not a sale thereof."

No such assignment of error is set up in appellant's motion for a new trial. The appellee has objected to the consideration of the assignment of error, because no such assignment was made in the original motion

for new trial. We think the motion not to consider is well taken, for it has been repeatedly held by the courts that failure to file with the court below assignments of error distinctly specifying the grounds on which appellant relies, specifically waives all errors not assigned in the trial court. See Pollard v. Allen & Sims, 171 S. W. 302, and authorities there cited; also Gillett v. Holligan, 162 S. W. 367, and Railway Co. v. Reed, 165 S. W. 4.

It has been held by our appellate courts that where objection is raised to the consideration of an assignment of error not properly brought up in the record, the appellate court has no alternative in the matter, if the objections are well taken, other than to decline to consider the assignments. See De Lay et al. v. Wolffarth, 154 S. W. 1031; El Paso Electric Ry. Co. v. Lee, 157 S. W. 748; Greene v. Gold-Silver et al. Co. v. Silbert, 158 S. W. 803; Cain v. Delaney, 157 S. W. 751.

The third, fourth, fifth, and sixth assignments of error, as set out in appellant's brief, are subject to the same objection, and, such objection being urged by appellee, the same disposition is made of these assignments as is made of assignments Nos. 1 and 2.

The findings of fact, as filed by the learned trial court, are in harmony with the statement of facts, and under the facts and pleadings, we think proper disposition was made of the case in the trial court. The judgment of the trial court is therefore affirmed.