STEEL BY–PRODUCTS CO. v. VERNON COTTON OIL CO. (No. 2226.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 19, 1923. Rehearing Denied Jan. 16, 1924.)

1. Contracts ⬅️333(5)—What allegations are sufficient in suing on contract stated.

In suing for breach of contract it is not necessary to set the contract out in hæc verba; allegations of the existence of the contract, its execution, and showing a full and clear statement of its contents, and the legal import of the transactions, and a failure of the other party to perform, being sufficient.

2. Contracts ⬅️333(2)—Pleadings held sufficiently to allege contract in writing.

In action for breach of contract, allegations that a memorandum of the contract sued upon was reduced to writing and was evidenced by confirmation letters and telegrams, signed by defendant, held sufficiently to plead a contract in writing.

3. Damages ⬅️23—Rule as to recovery of natural and probable consequences of breach of contract stated.

For a breach of contract, damages which are the natural or proximate consequence of the breach and incidental to the contract, and reasonably supposed to have been in the contemplation of the parties, are recoverable.

4. Pleading ⬅️35—In action for breach of contract, allegations as to usage or custom held not to vary or contradict contract.

In an action for breach of a written contract, allegations as to usage or custom by reason of which defendant was estopped to deny liability for certain items of damage held not to contradict or vary the contract where the items of damage sought to be recovered were not dependent for their recovery upon custom, but were recoverable as being the consequence of the breach, and were such as were within the contemplation of the parties; the allegations as to custom being treated as surplusage.

5. Limitation of actions ⬅️180(3)—Sales ⬅️418(8)—Allegations as to custom in action for breach of written contract held not to subject certain items of damages to limitations applicable to unwritten contracts.

In an action for breach of written contract of sale of goods to plaintiff, items of damage alleged in the petition on account of payments because of shortage in weight, and on account of payments made and expenses incurred in connection with wet and damaged portion of goods, are recoverable as being the consequence of the breach, and as within the contemplation of the parties; and the fact that plaintiff also alleges a business custom by reason of which defendant is estopped to deny liability for such items does not make them subject to exception as barred by the two-year statute of limitations on the theory that custom and usage are made a part of a written contract by implication only.

⬅️For other cases see same topic and KEY–NUMBER in all Key-Numbered Digests and Indexes

**6. Limitation of actions** ⊗⇒**28(2)—Claim for exemplary damages for breach of written contract held barred by two-year statute of limitation.**

In an action for breach of written contract, a claim for exemplary or punitive damages arising from the conduct of defendant after execution of the contract, and not shown to have been in the minds of the parties at the time of such execution, *held* barred by the two-year statute of limitation.

Appeal from District Court, Wilbarger County; J. V. Leak, Judge.

Action by the Steel By-Products Company against the Vernon Cotton Oil Company. From an order of dismissal, plaintiff appeals. Reversed and remanded for new trial.

J. Lee Zumwalt, of Dallas, for appellant.
Berry, Stokes & Killough, of Vernon, for appellee.

RANDOLPH, J. Appellant, as plaintiff, filed this suit in the district court of Wilbarger county against appellee, as defendant, to recover damages for alleged breach of contract for the purchase by plaintiff from defendant of certain bales of grabbots and linters. Defendant specially excepted to the petition upon the ground that it pleaded a contract not in writing which was barred by the statute of limitations of two years, and the trial court sustained such exception and other special exceptions, and, the plaintiff declining to amend, the cause was dismissed. From this order of dismissal appeal has been taken to this court.

That the questions of law presented in issue here may be understood, quotations will be made from the petition.

Appellant's assignments Nos. 3, 4, 5, 7, 11, 12, 13, and 17 raise the question, in one form or another, that the trial court erred in holding that the two-year statute of limitation applied to the cause of action as pleaded by it in its petition, because it did not set out a cause of action founded on a written contract. The following taken from the petition contains substantially the allegations in which and by which the contract is pleaded:

"(2) That the plaintiff is engaged in buying and selling cotton, cotton linters, grabbots, and other like products, and that during the month of May, 1919, the plaintiff and defendant entered into a contract by which the defendant sold to the plaintiff 251 bales of linters and grabbots, the number of grabbots being 9 bales and the number of bales of linters being 242. That a memorandum of said contract was reduced to writing, and said contract evidenced by confirmation letters and telegrams signed by the defendant. That said products were to be of the grades of samples thereof which the defendant had submitted to the plaintiff for inspection, and said products were in possession of the defendant in the city of Vernon, and were sold to the plaintiff for the price of 3½ cents per pound, f. o. b. railway cars at Vernon, for the linters, except 75 bales at 3 cents per pound, and 7 cents per pound for grabbots.

"(3) That plaintiff in purchasing said products notified the defendant that it had sold the same to a customer, and that, in the event the products were not equal to the grade represented, in such event the plaintiff would be required to make good or suffer loss in a reduced price to be paid by said customer. That the fact that plaintiff notified the defendant that it had sold the same the custom of business which was well known to the defendant required such loss to be borne by the plaintiff. That the defendant was notified of and from the custom of business knew that in such cases any loss in weight of said products would have to be made good by the plaintiff or deduction made of its sale price, and the defendant entered into such contract with the plaintiff with full notice of the special damages that might be incurred by the plaintiff, and also with full knowledge of the business custom above mentioned, and said custom being a part of said contract.

"(4) That on or about the 5th day of June, 1919, the defendant placed on board the railway cars at Vernon, Tex., said products, to be shipped to the plaintiff at Chicago, Ill., and at the same time drew a draft upon the plaintiff for the sum of $4,740.48, attaching thereto the bills of lading for said products in said cars. That plaintiff in good faith paid said draft, but after the delivery of said products it discovered that the defendant had claimed them to be of greater weight than was actually shipped, and on that account, and having paid the amount demanded by defendant in said draft, the plaintiff paid to the defendant $175.53 more than the defendant was entitled to receive due its claim for an excessive amount in claiming and representing weight of said products to be greater than they were, and the plaintiff is entitled to recover of the defendant the said sum of $175.53, and legal interest thereon from the 12th day of June, 1919, the date of payment of said draft.

"(5) That, due to the fact that the defendant did not have said products properly protected from the weather, all of said products were more or less damaged, and it was agreed that the defendant would, before shipping same, place said products in proper condition by removing all the wet and damaged portions, and only ship bales of a grade of the samples theretofore submitted to the plaintiff, and which would be fit for use by the plaintiff's customers; that the wet caked and damaged portions of said bales were unfit for use and was not of any value, but the defendant wholly failed to carry out said contract and to recondition said cotton and remove the damaged portions as it had agreed to do, but shipped all the damaged portions, and compelled plaintiff to pay for the worthlesss portions the sum of 3½ cents per pound, and on account thereof the plaintiff, in paying said draft as aforesaid, was compelled to pay to the defendant the sum of $344.83, and for which amount the plaintiff is entitled to recover herein, and sues for same, together with legal interest thereon from the 12th day of June, 1923.

"(6) That, due to the damaged condition of said bales, the plaintiff, in order to use or sell

the same, was compelled to remove all the damaged portions of said bales, and in so doing he was compelled to expend the sum of $91.20, which was the least amount for which said work could be done,' and which is and was a reasonable and necessary charge, and which work should have been done by the defendant prior to shipping the same, and for which amount plaintiff is entitled to recover herein, and for which it sues, together with legal interest thereon from the —— day of ——.

"(7) That defendant, in placing said bales for shipment, and in failing to remove the damaged portions as above alleged in that manner, required plaintiff to pay for freight charges the sum of $100.75 to cover charges for transporting said damaged and worthless portion of said bales, and which charges would not have been made but for the fault of the defendant in failing to carry out its said contract, and plaintiff is entitled to recover same, for it alleges that the defendant at the time it delivered said bales to the railway company at Vernon knew that the freight charges were based upon the weights, and that plaintiff would be required to pay such charges; and plaintiff further alleges that the business custom with which plaintiff and defendant were both familiar so required, and on account thereof plaintiff is entitled to recover said amount, together with legal interest thereon from the 12th day of June, 1919, for all of which it sues herein."

[1, 2] It is not necessary in suing on a contract to set it out in hæc verba, but it is sufficient if it is alleged that there was such a contract, when it was executed, and there is a full and clear statement of its contents, and the legal import of the transactions is stated as well, as the failure of the party sued to perform his undertakings. Towner v. Sayre, 4 Tex. 28; Mason v. Kleberg, 4 Tex. 85; Wooters v. Railway, 54 Tex. 294; Linton v. Brownsville Land Co., 46 Tex. Civ. App. 225, 102 S. W. 433; Ramsey v. Wahl (Tex. Com. App.) 235 S. W. 839. We think a contract in writing was sufficiently pleaded by such petition.

The plaintiff alleges the following items of damages: (1) For excess payment for products by reason of shortage in weight, $175; (2) for the failure of defendant to remove all wet and damaged portions of said products, and to only ship bales of a grade of the samples theretofore submitted to plaintiff, and the payment by plaintiff of the purchase price of such wet and damaged portions, in the sum of $344.83; (3) for expenses in removing of such damaged portions of such products in the sum of $91.20; (4) for excess freight charges paid by plaintiff upon said damaged portions of said products, $100.75. Plaintiff also alleges in said petition:

"That, immediately upon the products being delivered to it, and discovering the damaged condition of such bales, and the weight thereof, plaintiff communicated such knowledge to the defendant, and had said bales stored in a proper manner and with responsible persons, and desired to know of defendant if it desired to have said bales inspected or weighed by and when some of its representatives could be present, and, in order for the defendant to know the exact truth about said bales, but to which offer of the plaintiff the defendant made no reply, plaintiff also informing the defendant that it would be necessary to remove all the damaged and worthless portions of said bales, and which fact defendant well knew, but it refused to advise the plaintiff in any manner whatever with reference to the facts communicated by the plaintiff, and that, in order to minimize the loss and damages, as much as possible, the plaintiff selected careful and experienced workmen, and removed all the damaged and worthless portions of said bales, and had them weighed by a competent and reputable weigher, and immediately notified the defendant, but to which notification no answer was returned by the defendant."

This paragraph was followed by the further allegation that it is the business custom well known to the defendant and well known prior to and at the time of the making of the contract and shipment herein that proof thereof as furnished by plaintiff be furnished to the defendant, and that the defendant is required either to accept same "or state its reasons for so doing," and that on account thereof defendant is estopped to deny liability.

[3-5] Defendant attacked the allegations of damages and of custom as set out in the petition by special exception, and here takes the position that—

"Custom and usage are made a part of a written contract by implication only and a suit for damages for breach of that part of the contract embraced in the custom and usage is barred under the two-year statute of limitation."

While a usage or custom cannot be set up to vary, contradict, or alter the contract (27 R. C. L. § 31, p. 189), we do not think the allegations in effect do this. The items of damage sought to be, recovered and named above are not dependent for their recovery upon custom, but are recoverable as being the consequence of the breach, and are such as were within the contemplation of the parties to the contract. The rule laid down in the text-books is that in such an action only such damages are recoverable as are the natural or proximate consequence of its breach; they must be incidental to the contract, and caused by its breach, and such as may reasonably be supposed to have been in contemplation of the parties. And it is not in the least essential to the existence of this liability that an actual breach should have been in the mind of the offending party. 1 Sutherland on Damages, § 45, p. 134; Hale on Damages, §§ 27 and 28, p. 51. See, also, Jones v. George, 61 Tex. 355, 48 Am. Rep. 280.

The allegations of damages as claimed in the items set out above being recoverable because they were consequential damages, the allegations as to custom would become surplusage.

[6] It follows that the claim for exemplary or punitive damages arising by reason of conduct after the execution of the contract, and not having been shown to have been incident thereto, and shown to be in the minds of the parties at the time of the execution of the contract, was barred by the two-year statute of limitations, and the trial court properly sustained the special exception of defendant to it.

For the errors discussed above, the cause is reversed and remanded for a new trial.

---

⬾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes