PECOS & NORTHERN TEXAS RAILWAY COMPANY v. BALL & ELAM.

Decided October 17, 1908.

**Appeal—Insufficient Assignment of Error.**

Appellant relied upon a single assignment of error as follows: "The trial court erred in concluding under the facts found that the defendant was guilty of negligence and that plaintiff was not guilty of contributory negligence and in entering judgment for the plaintiff." Held, the assignment was not entitled to consideration because it presented more than one distinct proposition, and did not under either of them separately present any ground of error.

Appeal from the County Court of Hale County. Tried below before Hon. Geo. L. Mayfield.

*Terry, Cavin & Mills* and *Madden & Trulove,* for appellant.

*E. Graham* and *Randolph & Penry,* for appellees.

PRESLER, ASSOCIATE JUSTICE.—Ball & Elam, a firm composed of J. T. Ball and J. H. Elam, sued the Pecos & Northern Texas Railway Company for the loss of two bales of cotton which they alleged was by them delivered to the railway company at Plainview, Texas, in the Justice Court, wherein they recovered judgment against the defendant company in the sum of $120.29. The Pecos & Northern Texas Railway Company appealed from the judgment of the Justice Court to the County Court of Hale County, and in the County Court judgment was rendered against defendant in favor of the plaintiffs in the sum of $118.82, from which judgment the defendant appeals to this court.

Appellant here presents only one assignment of error, which is as follows: "The trial court erred in concluding, under the facts found, that the defendant was guilty of negligence and the plaintiff was not guilty of contributory negligence, and in entering judgment for the plaintiffs." We are of the opinion that appellees' objection to this assignment is well taken. Our Supreme Court, in the case of Insurance Company v. Chowning, 86 Texas, 660, in answering a certified question by the Court of Civil Appeals for the Fifth Supreme Judicial District calling in question the sufficiency of the following assignment of error, viz.: "Third assignment of error. The court erred in refusing to instruct the jury, as requested by the defendant in his fourteenth special charge, relating to the effect of Chowning's alleged agreement to surrender the policy and his alleged determination not to pay the premium notes, and its fifteenth and sixteenth special charges relating to the alleged tender of the premium by the witness Williams, and instructing the jury as was done in the court's charge in chief, and in the special

charges given at plaintiff's request in relation to said several matters," held that the assignment in question embraced at least three distinct propositions, and did not separately specify to the court the particular error complained of, and should not be considered.

The assignment here in question in our opinion contains the same vice, in that it presents more than one distinct proposition, and does not, under either of them, separately present any ground of error. In our opinion the assignment is too general to be considered by this court, and is therefore overruled. Were the assignment sufficient, we would still be inclined to hold that the conclusions of law and the judgment entered in pursuance thereof are supported by the court's findings of fact, and that the judgment complained of should be in all respects affirmed, and it is accordingly so ordered.

*Affirmed.*