JOHN D. FAGAN ET AL. v. JOSEPH N. FAGAN.

Decided May 25, 1909.

**1.—Partition—Act Construed.**

Prior to the Act of 1905, the duty of determining in a statutory proceeding whether lands sought to be partitioned were susceptible of partition, was committed to the commissioners of partition; but by amendment of article 3611, Rev. Stats. (Gen. Laws, 1905, p. 95) this duty is imposed upon the court, to be performed before the decree of partition is entered and the commissioners appointed.

**2.—Same—Decree—Presumption.**

A decree ordering partition of land and appointing commissioners concluded as follows: "If, in the opinion of the said commissioners, a fair and equitable division of said real estate or any part thereof can not be made, they shall report the fact to this court in writing under oath at this term, stating their reasons for such opinion, etc." Held, in view of said recital and in the absence of anything in the record to the contrary, it could not be presumed that the court determined whether or not the land was susceptible of partition, but it must be supposed that the court committed the determination of that fact to the commissioners.

**3.—Same—Harmless Error.**

When, in a suit for partition, the defendants filed no answer and made no contest at any step in the proceedings, and in the absence of some showing

on appeal that injustice was done them by the decree of partition, the failure of the trial court to ascertain that the land was capable of partition before entering the decree and appointing the commissioners, will not be cause for reversal of the judgment.

### 4.—Same—Partition among Defendants—Absence of Pleading.

Where, in a suit for partition, the plaintiff owned an undivided one-fourth interest in the land and two defendants owned the remaining three-fourths, and the defendants filed no answer and made no contest or objection in the trial court, it was not reversible error on appeal by the defendants that the trial court decreed partition as between the defendants although there was no pleading praying therefor.

Error from the District Court of Victoria County. Tried below before Hon. James C. Wilson.

Dupree & Pool, for plaintiffs in error.—The Act of 1905, page 95, is mandatory on the court, and in positive terms requires the court before entering a decree of partition to determine that the land or a part thereof is susceptible of partition, and withdraws from the Commissioners the power of determining that the same is not susceptible of partition. Laws of 1905, page 95; Hensel v. Sturm, 25 S. W., 817; Tieman v. Baker, 63 Texas, 641 (see bottom of page 644 and top of page 645); 23 Cyc., pp. 771, 776, 787, 821 and 822; Olshewske v. Summerville, 95 S. W., 1.

As shown from the original petition filed in the trial court in this case and from the decree of the trial court for the partition of the land set out in said petition, all of the parties to the suit are not owners of and interested in each of the several tracts of land sought to be partitioned and which by the decree of the court was decreed to be partitioned. Under said pleading the court erred in decreeing in one decree that said land be partitioned as a whole, and in not entering two decrees for the partition of said land, and in his failure to determine by each decree the interest of each party in the several tracts of land and in his failure to determine whether the same or any part thereof was susceptible of partition. 15 Ency. of Plead. and Prac., p. 804; 17 Am. & Eng. Ency. of Law (1st ed.), p. 736; Yellow Pine Lumber Co. v. Carroll, 76 Texas, 135; 23 Cyc., p. 772.

Fly & Daniel, for defendant in error.—An appellate court will not reverse a case for error where the result would have been the same had the error not been made, and irregularities not affecting the final result of a suit are not ground for reversal, and a party having sustained no injury by any of the matters complained of it is immaterial whether they are correct or not in the abstract. Whether there be errors committed in the progress of the cause or not, still such judgment, being right on the merits, and the equities of the parties are otherwise equal, can not be disturbed; nor will a judgment be reversed merely on account of a recital in it not necessary to have been made. St. Louis, S. F. Ry. Co. v. Payne, 47 Texas Civ. App., 194; Johnston v. Steele, 107 S. W., 631; Green's Texas Digest of 1904, "Appeal and Error," sec. 1044, page 718, and authorities there cited; Williams v. Chandler, 25 Texas, 12; Stevens v. Gainesville Bank, 62 Texas, 507, and authori-

ties there cited; Hollingsworth v. Holshousen, 17 Texas, 47, 23 Cyc., page 854; "Judgments," J., 1; Thompson v. Thompson, 12 Texas, 332; Day v. Stone, 59 Texas, 613, and authorities there cited; Freeman v. Miller, 53 Texas, 377; Hague v. Jackson, 12 S. W., 64.

It will be presumed in support of a judgment that every issue of fact made by the pleading and not determined in the court's findings has been found in favor of the prevailing party. Texas & P. Ry. Co. v. Purcell, 91 Texas, 585.

Plaintiffs in error having failed to appear and answer in the lower court, before they can be entitled to relief they must show, first, that their failure to make full answer was not attributable to their own omission, negligence or default; second, that they have a good defense to the entire cause of action. It is not enough to show that they were not guilty of negligence in permitting the judgment to go by default, but they must very clearly show that the final judgment is unequal, inequitable and unjust to permit it to be enforced. Freeman v. Miller, 53 Texas, 377; 23 Cyc., pp. 729, 767.

Where parties in a suit for partition own unequal interests in various pieces of property, and some of the parties own no interest in some portions of the property involved, the courts will nevertheless partition the property among the various parties according to their respective interests, it being the general rule that a partition among cotenants must embrace the entire common estate and not parcel by parcel. Nelson v. Brown, 111 S. W., 1106; Ferguson v. Stringfellow & Hume, 106 S. W., 762; Finegan v. Read, 8 Texas Civ., 36, and authorities there cited.

McMEANS, Associate Justice.—Joseph N. Fagan, plaintiff below, sued John D. Fagan and Miss Elizabeth Fagan, defendants below, for partition of four certain tracts of land described in his petition, alleging that the three tracts first described were owned jointly by himself and John D. Fagan, in equal portions, and that the fourth tract was jointly owned by himself, John D. Fagan and Miss Elizabeth Fagan in the proportion of one-fourth each by himself and Miss Elizabeth Fagan and one-half by John D. Fagan. The defendants filed no answer and made no contest to plaintiff's suit. Upon a trial before the court it was decreed that the interest of the parties in the lands was as alleged, and a partition was ordered and commissioners of partition appointed with direction to make an equal, just and impartial partition of the land between the parties, share and share alike, in accordance with the decree and the law. It was further directed in the decree that if, in the opinion of the commissioners, a fair and equitable division of the land or any part thereof could not be made, then they should report that fact to the court, stating their reasons for such opinion. A writ of partition was issued and duly served on the commissioners, and the commissioners, in accordance with the decree, made partition of the land and duly made and returned their report thereof to the court, which was accepted by the court and final decree entered vesting title of the land in the parties to the respective shares allotted. No contest of the report, nor objection to the final judgment entered

in conformity therewith, was made by the defendants or either of them. This appeal is before us on writ of error prosecuted by defendants.

The first and second assignments of error challenge the validity of the judgment on the ground that it was fatal error for the court, before entering the decree of partition, to fail to determine whether the lands sought to be partitioned were susceptible of partition.

Under the law as it existed prior to the amendment of 1905 the duty of determining in a statutory proceeding whether lands sought to be partitioned were susceptible of partition, was committed to the commissioners of partition. But by amendment of article 3611, Revised Statutes, Acts 1905, p. 95, this duty is imposed upon the court, and to be performed before the decree of partition is entered and the commissioners appointed. As to whether the court in the case before us did so determine is not affirmatively shown. Ordinarily, where the law requires that some issue of fact should be determined by the court as a condition precedent to its right to enter a particular decree, it will be presumed, in the absence of a showing to the contrary, that the court had judicially ascertained the facts which conferred the right, and the burden would rest upon the complaining party to rebut in a proper way the presumption thus arising. The decree ordering partition and appointing commissioners of partition concluded as follows: "If, in the opinion of said commissioners, a fair and equitable division of said real estate or any part thereof can not be made, they shall report the fact to this court in writing under oath at this term, stating their reasons for such opinion, etc." In view of this recital we do not think it would be fair to presume, in the absence of an affirmative finding by the court that the land was capable of partition, that the court so determined, but that the determination of that fact was, as shown by the recital negatively at least, committed by the court to the determination of the commissioners. This was error, but it does not by any means follow that the error will require a reversal of the judgment.

It was shown that the defendants were duly served with citation and that they did not appear and answer; an actual survey of the land was made, field notes obtained, a report accompanied by field notes and plats of the tracts allotted was filed and no contest made; final judgment was entered in conformity to the report of the commissioners without protest from the defendants. That the land was susceptible of partition is manifest from the report, field notes and plat brought up in the record; and there is no contention offered by defendants on this appeal that the division was not equitable, and none such made in the court below, and no excuse was offered for failing to contest the partition in the trial court. In the absence of some showing by defendants that some injustice was suffered by them in the trial or as a result of the judgment entered, this court will not reverse simply because of an abstract error committed by the trial court. Tieman v. Baker, 63 Texas, 641, relied upon by appellants, is not in point. In that case the court adjudged the land to be incapable of partition and ordered its sale, when under the law as it then existed the commissioners of partition only could determine whether the land was susceptible of equitable division; and it was held that until they so deter-

mined the court was without power to order a sale of the land. It seems to be the policy of the law that in suits for partition the owners shall retain the land, the title being only so far disturbed as to be shifted from an undivided interest in the whole to the particular portion allotted—as was done in this case—and before the court is authorized to divest the title by sale all the requirements of the statutes must be complied with. The assignment is overruled.

It was not reversible error for the court to order partition as between the defendants of their undivided interest in the tract which all the parties jointly owned. It is true that defendants did not ask partition as between themselves. The plaintiff had the right, however, to have the tract divided and his portion set aside to him, and if in doing this the court, without a prayer of defendants to do so, caused a division to be made as between them, they may acquiesce therein and each claim the portion so allotted, or, by agreement, they may disregard the partition and hold the land jointly, or make such partition of it between themselves as they may hereafter deem proper. The assignment raising the point is overruled.

We are of opinion that none of the assignments present reversible errors, and that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*