## G. W. PRESSLER v. R. L. WARREN.

Decided November 24, 1909.

**1.—Landlord and Tenant—Failure to Give Possession—Damages.**

A tenant who has rented land to cultivate but, after entering upon part
has been denied possession of the remainder leased to him, too late in the season
to secure other land to work, may recover as damages the value of his share
of the crop which he could have raised on the premises so withheld from him.
Crews v. Cortez, 102 Texas, 111, followed.

2.—Same—Evidence.

To show the yield and value of the crop which a tenant might have raised on premises leased to but wrongfully withheld from him by the landlord, evidence of the amount and value of the crop raised by him on the adjoining land which he received and cultivated under the lease, and of the comparative quality of the two tracts, was admissible.

Appeal from the County Court of Taylor County. Tried below before Hon. T. A. Bledsoe.

*Wagstaff & Davidson*, for appellant.—The gross value of the products raised on the fifty acres of land was not the proper measure of damage for a breach of the contract, and the court should have sustained the exception. Rogers v. McGuffey, 96 Texas, 565.

The testimony was improperly admitted for the reason that the amount actually raised for the year 1907, the year that the plaintiff should have had the land, was not the measure of the plaintiff's damages, but his true measure of damage would have been the reasonable amount that the place should have produced under ordinary conditions. Rogers v. McGuffey, 96 Texas, 565; King v. Griffin, 39 Texas Civ. App., 497; Waggoner v. Moore, 45 Texas Civ. App., 308.

No briefs were on file for appellee.

FISHER, Chief Justice.—This is a suit by appellee Warren against the appellant to recover damages on account of the alleged breach of a rent contract. The case was tried before the court without a jury and judgment rendered in appellee's favor against the appellant for $325, from which judgment he has appealed.

The plaintiff in his petition substantially alleged that he rented from the appellant for the year 1907 100 acres of land which he agreed to cultivate. The appellant was to receive one-fourth of all the cotton and one-third of the corn and other grain raised on the premises. Plaintiff was to take charge of the 100 acres and the defendant was to furnish plaintiff two cows for the purpose of furnishing milk and butter to his family during the year; that plaintiff moved upon the premises, started to cultivate and did cultivate about fifty acres of the land. When the plaintiff demanded of the defendant the other fifty acres defendant told him he would show him and put him in possession of the same when he had broken the part already designated; that thereafter until it was too late in the season to plant a crop, defendant refused to furnish the same or any part thereof; that plaintiff, relying upon the rental contract, waited so long that he was unable to get other lands to cultivate and was prevented from so doing by the act of defendant; that he expected to cultivate all of the land by the labor of his family and that by virtue of defendant's breach of the rental contract he was unable to procure employment for them; that he would have planted the additional fifty acres which he was to receive in cotton, which would have produced twelve bales, of the reasonable value of $840, and that his portion would have been $630; that the defendant refused to furnish plaintiff the two cows to milk to his damage $50, and that

the plaintiff suffered damage to the extent of $100 on account of extra team and tools to farm the additional fifty acres of land which were not furnished him by defendant, all of which items of damages he sues for.

The defendant filed a general demurrer, special exception to the $50 item of damage and the $100 item of damage and to the $630 item. The objections to the items are that they state no cause of action and that they are vague, indefinite, uncertain and speculative. These demurrers were overruled.

Appellant's first assignment of error complains of the action of the trial court in overruling what he terms his fourth special exception which is directed against the item of $630. Really this exception is so general in its terms that it may be classed as a general demurrer; but, however, treating it as a special exception, it is clear that the court properly overruled it. The petition states that the $630 would have been the value of appellee's share of the crop if he had been permitted to cultivate the extra fifty acres; and it is substantially alleged that this cultivation would have been by his family without extra cost and expense to him. Damages in cases of this character were extensively treated by the Supreme Court in Crews v. Cortez, 102 Texas, 111, in answer to certified questions from this court. Some of the principles there discussed are applicable to the question presented by appellant's demurrer.

Appellant's second assignment of error is to the effect that the court erred in permitting the plaintiff, over the defendant's objection, to testify that the defendant had rented him one hundred acres of land and would let him have only fifty acres, and that the fifty acres which the defendant refused to let him have and which was worked by defendant's son, was cultivated to the extent of thirty-five acres in cotton and the balance in feed stuff; that the thirty-five acres made seven bales of cotton and was worth twelve and one-half cents a pound; that plaintiff would have cultivated, if he had been permitted, the entire fifty acres in cotton; that the land was better than the land he actually cultivated. All this evidence was admissible. It was one of the means by which plaintiff undertook to show the damages which resulted to him by reason of the breach of the contract. It was clearly permissible for him to show that he was deprived of the fifty acres and what it actually produced when cultivated by others, and to what use he would have put it if possession had been delivered. The quality of the land was also properly proven as having some bearing upon the question as to what would have been the probable yield of the cotton crop if plaintiff had been permitted to plant it in cotton.

We find no error in the record and the judgment is affirmed.

*Affirmed.*