EL PASO & S. W. RY. CO. v. GOFF & THOMPSON.†

(Court of Civil Appeals of Texas. Amarillo. March 2, 1912. Rehearing Denied March 29, 1912.)

1. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS—PROPOSITIONS—RELEVANCY.

A proposition that the measure of damages was different from that charged by the court is not germane to the assignment of error that

the court erred in a paragraph of the charge because it assumed negligence on the part of the defendant and charged on the weight of evidence, and hence will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 221*)—REVIEW— QUESTION NOT RAISED BELOW.

An alleged error in charging as to the measure of damages will be disregarded on appeal, where the question was not raised in the court below, or in any way brought to its attention.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1353–1368; Dec. Dig. § 221.*]

3. APPEAL AND ERROR (§ 739*)—ASSIGN- MENTS OF ERROR—EFFECTS.

An assignment of error, that the court erred in a paragraph of the charge because it assumed the defendant's negligence and charged on the weight of evidence, is objectionable, because it presents two separate propositions and does not under either of them separately present any ground of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3034–3036; Dec. Dig. § 739.*]

4. APPEAL AND ERROR (§ 1032*)—REVIEW— HARMLESS ERROR.

An alleged erroneous charge as to the measure of damages does not constitute reversible error, where the appellant does not complain of the amount of the verdict or that it is unjust, or undertake to show that it was injured by the error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4047–4051; Dec. Dig. § 1032.*]

Appeal from District Court, Sherman County; D. B. Hill, Judge.

Action by Goff & Thompson against the El Paso & Southwestern Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

W. W. Moore, of Dalhart, and Hawkins & Franklin, of El Paso, for appellant. R. R. Hazlewood and J. H. Synnott, both of Amarillo, for appellees.

PRESLER, J. This is a suit brought by appellees against appellant with certain other roads, as connecting carriers, to recover damages for alleged injury to a shipment of stock, consisting of 1,089 head of cattle, shipped from Carrizozo, N. M., to Stratford, Tex., on the 24th day of April, 1910, alleging that through the negligence of appellant and its connecting carriers said stock were injured and some died as a result of said injuries, and that said negligence consisted in unreasonable delays, rough handling, and in the failure of appellant to furnish the proper cars for the transportation of said cattle, and that as a result thereof appellees were damaged in the sum of $11,710. Appellant answered by general denial, a denial of partnership as between it and its connecting carriers, and certain special defenses not necessary to be here set out. A trial was had on the 10th day of July, 1911, and resulted in a verdict and judgment against appellant for $3,753.75, from which judgment appellant has duly appealed to this court.

Appellant's first and only assignment of error is as follows: "The court erred in the eighth paragraph of its charge to the jury because it assumed negligence on the part of the defendant and charges on the weight of the evidence." And under said assignment submits only the following proposition: "The measure of damage for the animals lost in transit is the market value which the same would have had at Stratford, Tex., the place of destination (in the condition in which the same would have been in had they been transported with due care) at the time they should have arrived there if transported within a reasonable time, and is not such market value at the time of the delivery of plaintiffs' cows at that place as charged by the court."

[1, 2] Appellees object to our consideration of said proposition because: (1) The same is not germane to the assignment under which it is submitted; and (2) because the issue presented by said proposition was not presented or raised in the court below and the attention of the trial court was not called to the same in any way. We are of the opinion that both objections are well taken, and that either is sufficient under the rules prescribed for the preparation of briefs and for the government of this court in considering the same to prevent the consideration of said assignment.

[3] It will be noted, also, that the assignment itself presents two separate and distinct propositions, and does not under either of them separately present any ground of error. Rules 29, 30 and 32, Courts of Civil Appeals (142 S. W. xiii); Pecos & N. T. Ry. Co. v. Ball & Elam, 51 Tex. Civ. App. 636, 114 S. W. 403; Insurance Company v. Chowning, 86 Tex. 660, 26 S. W. 982, 24 L. R. A. 504.

[4] We are further of the opinion that, if the assignment and proposition thereunder be considered, there is no merit in the same. As appellant does not complain of the amount of the verdict nor that the same is unjust, or in any way undertook in its brief to show that it was injured by the error as to the measure of damages, as complained of in its proposition, and it has been repeatedly held by the appellate courts of this state that in the absence of some showing by defendants that some injustice was suffered by them in the trial or as a result of the judgment entered, this court will not reverse simply because of an abstract error committed by the trial court. Fagan v. Fagan, 56 Tex. Civ. App. 175, 120 S. W. 550; Railway Co. v. Prude, 39 Tex. Civ. App. 144, 86 S. W. 1046.

We therefore conclude that the judgment appealed from should be in all things affirmed, and it is accordingly so ordered.