PANHANDLE & S. F. RY. CO. v. NORTON et al. (No. 1039.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 18, 1916. Rehearing Denied Nov. 8, 1916.)

1. CARRIERS ⬅229(2)—LIVE STOCK — MEASURE OF DAMAGES.

The measure of damages for negligent injury of cattle in transit is the same whether they are for immediate sale on the market or for pasture.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 964; Dec. Dig. ⬅229(2).]

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. CARRIERS ☞228(3) — LIVE STOCK — INJURIES—IMPROVED CONDITION.**

The carrier, when sued for injuries to cattle in transit, may offer evidence of improvement of such cattle or recovery from their injuries, not for the purpose of showing that there were no damages, but to show the extent of the injury to the cattle at the time of their arrival and the resulting damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 960; Dec. Dig. ☞228(3).]

**3. APPEAL AND ERROR ☞1033(5)—HARMLESS ERROR — INSTRUCTIONS — INJURIES TO LIVE STOCK.**

In suit to recover damages for alleged negligent injuries to cattle in transit, a charge to find for the carrier if the cattle entirely recovered and were of value equal to that before shipment, while erroneous, since the shipper would be entitled to damages as of the date of delivery, cannot be complained of by the carrier.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4056; Dec. Dig. ☞1033(5); Trial, Cent. Dig. § 587.]

**4. CARRIERS ☞230(12)—LIVE STOCK — INJURIES—IMPROVED CONDITION.**

In a suit for damages for alleged negligent injury to live stock in transit, a charge to consider the extent of recovery of the cattle from their injuries, and if recovery was complete, to find for the carrier, is not objectionable as confining consideration to complete recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 961; Dec. Dig. ☞230(12).]

**5. DAMAGES ☞62(3)—MITIGATION.**

Ordinarily it is the duty of the injured party to use ordinary or reasonable care to lessen the damages or preserve the property; the burden to show that he has not done so being upon the adverse party.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 124–127; Dec. Dig. ☞62(3).]

**6. CARRIERS ☞229(2) — INJURIES TO LIVE STOCK—MEASURE OF DAMAGES.**

Where live stock were negligently killed in transit and the shipper removed their hides and sold them, the carrier should be allowed, not the actual price, but the market value at the time and place where the hides were removed.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 964; Dec. Dig. ☞229(2).]

**7. CARRIERS ☞228(1) — INJURIES TO LIVE STOCK—MEASURE OF DAMAGES.**

A shipper cannot recover as damages for injuries to live stock in transit an amount alleged to have been expended for medicines and care, in the absence of showing that such amount was reasonable and necessary.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957, 958; Dec. Dig. ☞228(1).]

Appeal from Deaf Smith County Court, Jas. A. Hughes, Judge.

Action by E. H. Norton and others against the Panhandle & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed, with provision for affirmance on filing remittitur.

Terry, Cavin & Mills, of Galveston, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellant. Russell & Dameron, of Hereford, for appellees.

HUFF, C. J. This is an appeal from a judgment for $350, damages alleged to have been sustained to a shipment of 189 head of cattle, shipped by the appellees Norton, from Quanah, Tex., to Hereford, Tex., over appellant's line of road. The cattle, it is alleged, were delivered to appellants at Amarillo, Tex., and up to that point had arrived safely; that the appellants negligently handled the shipment so as to seriously injure a great number of the cattle, 3 head of the cows dying soon after their arrival at Hereford, 48 head of the cows being bruised, etc., damaged $6 per head, the leg of a calf broken, etc., and other damages to other animals.

The first assignment assails the sixth paragraph of the court's charge. That part of the charge objected to, after charging that the measure of damages was the difference between the market value of the cattle in the condition in which they arrived and the condition in which they should have arrived, if without injury from the negligence alleged, is as follows:

"And in arriving at the amount of your damages for the cattle skinned and bruised, if you find any damages, you will take into consideration the extent of the recovery from such injury, and should you find and believe that said animals entirely recovered from such injuries, and were after such recovery of the same or greater market value as they would have been if such injury had not occurred in the first instance, then you will find against the plaintiff and in favor of the defendant."

The first proposition is to the effect that it was error to charge that the animals must, after recovery, be of value equal to or greater than before the injury; that the jury was entitled to consider the recovery in connection with the injury at their arrival; second, that, the measure of damages being the difference in their market value, the subsequent recovery could only be considered as to the extent of such injuries.

[1] The cattle were not shipped for immediate sale, but to be placed on the pasture. It is now the settled rule in this state that the measure of damages is the same on cattle shipped for pasture as for those for immediate sale on the market. "To make the plaintiff whole, he should recover a sufficient sum to enable him to sell the injured property and replace it with that which is uninjured." Railway Co. v. Stanley, 89 Tex. 42, 33 S. W. 109; Railway Co. v. Word, 51 Tex. Civ. App. 206, 111 S. W. 753; Railway Co. v. Lindsey, 175 S. W. 708; Railway Co. v. Reed, 165 S. W. 4; Railway Co. v. Mulkey, 159 S. W. 111; Railway Co. v. Holmes, 177 S. W. 505.

[2, 3] The carrier may offer evidence of the improvement of the cattle, or that they recovered from their injuries, not for the purpose of showing there were no damages at the time of the injury, but their improved condition is for the consideration of the jury so they may ascertain from their then condition, and the other facts, the amount of injury the cattle sustained at the time of their arrival and the damages which flow from it. It is held in the Lindsey and Mulkey Cases, supra, that a charge to that effect,

however, would be upon the weight of the evidence; that it would be a suggestion by the court that such facts had been proven. The court should not single out that special fact, and especially direct the attention of the jury to a consideration of these particular facts. In the first part of the charge quoted the jury are told to "take into consideration the extent of recovery from such injury." The recovery of the cattle to be considered by the jury would be for the benefit of appellant. The charge, instructing the jury that if they believed the cattle entirely recovered and were of equal or greater value, to find for appellant, was favorable to appellant. This portion of the charge was error, but it was an error against appellees and in favor of the appellant. If the cattle were injured upon arrival appellees were entitled to their damages. If the cattle subsequently recovered, this would not defeat the damages for the injury upon arrival. We do not see how this charge could have operated to the injury of the appellant or afford a just ground for complaint. In the Word Case, 57 Tex. Civ. App. 206, 111 S. W. 753, supra, it is said:

"To hold otherwise is to adopt a less certain rule, and to give the carrier the benefit of the increased time and hazard involved in a recovery from the injuries. Of course, facts subsequent to the arrival of injured cattle, such as slow, rapid, or ultimate or entire recovery, may be looked to in ascertaining what was the real condition and loss at the time of arrival, but, as stated, in every case the measure of the shipper's damage is to be fixed as of the time of the arrival of the injured cattle at the point of destination."

The charge complained of gave appellant the benefit of a recovery, and authorized the jury to release it from all damages, if entire recovery was found by the jury. Such was the effect of the charge, and therefore to appellant's interest and not to its injury. For this reason we overrule the first assignment of error.

[4] The second and third assignments are overruled for the reasons given in overruling the first assignment. The appellant's contention that the charge confined the jury to the full recovery we do not think justified. The jury were first directed to consider the "extent" of the recovery of the cattle in estimating the damages; and, second, if they found entire recovery, to find for the railway. This was not a matter of which appellant could complain.

[5, 6] The fourth assignment complains of the fifth paragraph of the charge, which directed the jury that they would allow the appellant the market value of three hides, taken from cows and one from a calf, at the time the hides were removed. It appears the four animals died and were skinned by appellee and the hides saved. The testimony shows that green hides were worth five cents per pound at the time of removal, and that in their condition when sold at Hereford appellee received about seven cents per pound.

The appellees, in their petition, offered to credit appellant with the market value of the hides at the time of their removal. The appellant did not claim this offset in its answer. If under the pleadings appellant was entitled to anything, it occurs to us the court adopted the correct measure of damages or offset; that is, the value of the hides at the time and place of removal. Ordinarily it is the duty of the injured party to use ordinary or reasonable care to lessen the damages or preserve the property. If he has not done so, the burden is on the wrongdoer to show it. Necessarily, there is some labor, cost, and trouble in removing the hide of an animal and in preparing it for market. The party performing the work necessary should be entitled to be reimbursed therefor. Appellant, by its evidence or pleading, makes no allowance therefor. The court, we think, adopted a more correct rule as to the credit to which appellant was entitled, if anything. Out of the injury appellees saved, for the benefit of appellant, the hides, and allowed appellant the full market value of the hides at the time and place of their removal, charging it nothing for their services in doing so. This assignment is overruled, together with the fifth assignment, presenting the same question, upon refusal of a special instruction.

[7] The sixth, seventh, and eighth assignments present the question as to whether the pleadings and evidence authorized the charge of the court in submitting the issue to the jury as to whether $10 for medicine and $10 for labor, in doctoring the cattle injured, were reasonable and necessary. Assignment 6 asserts there was no pleading authorizing its submission. Assignment 7 is that the court erred in refusing a special instruction, to the effect that the jury should find against both items. Assignment 8, that the charge of the court in submitting the item for $10 for medicine used in treating the cattle was error, because there was no evidence what the medicine was reasonably worth, or what was paid for it. First. The pleadings would have been subject to a special exception on these items, but, in the absence of such exception, it was sufficient to admit the proof that the medicine and labor furnished were reasonably necessary. Therefore assignment 6 is overruled. Second. The specially requested instruction directs a finding against both items. There is sufficient evidence that the labor done and the charge therefor were reasonable and necessary. The seventh assignment is overruled. Third. The evidence does not show the amount paid for the medicine, or that the price paid was reasonable and necessary. The eighth assignment should be sustained. A remittitur, therefore, will be required of $10, to be filed in 15 days from this date. Wheeler v. Tyler, S. E. Ry. Co., 91 Tex. 356, 43 S. W. 876.

The ninth assignment is overruled. Without discussing the evidence, we believe it to

be sufficient to support the amount of damages recovered, except the $10 for medicine. The judgment must be reversed upon that ground, unless the appellees shall enter a remittitur of the sum of $10 within 15 days from this date, in which event the judgment will be affirmed, at the cost of appellees.