### DUKE v. HATCHER. (No. 1987.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 31, 1918.)

1. APPEAL AND ERROR ☞1170(9)—REVIEW— HARMLESS ERROR.

In a suit for eviction from a farm, refusal of instruction that it was the tenant's duty to procure other land to lessen the damages, or after having failed to procure such land to seek other employment, if error, *held* harmless, where no complaint is made of excessive verdict in view of Court of Appeals rule 62a (149 S. W. x).

2. APPEAL AND ERROR ☞1068(5)—REVIEW— OBJECTIONS WAIVED.

Objection that refusal of instruction was prejudicial, thereby increasing amount of verdict, cannot be sustained, where appellant does not claim on appeal that verdict is excessive.

Appeal from District Court, Cass County; H. F. O'Neal, Judge.

Suit by C. T. Duke against H. S. Hatcher. Judgment for defendant, and plaintiff appeals. Affirmed.

This was a suit by appellant against appellee to recover possession of a tract of land in Cass county which appellee claimed he had rented of appellant for the year 1915. At the time he commenced his suit, to wit, March 30, 1915, appellant procured the issuance of a writ of sequestration, by virtue of which he had appellee evicted from the land April 20, 1915. By a cross-action against appellant, appellee sought a recovery of actual damages in the sum of $1,288.83 which he claimed he suffered by reason of appellant's breach of the alleged rental contract and his eviction from the land, and also sought a recovery of $1,000 as exemplary damages. The trial resulted in a judgment in appellant's favor for the land, and in appellee's favor for $200 as actual damages he was entitled to recover of appellant.

Appellee testified that crops he had planted were growing on the land at the time he was evicted therefrom. He further testified that, had he not been evicted, his part of crops he would have grown on the land would have been worth, after deducting the cost to him, aside from the value of his own labor and that of members of his family, about $700. He further testified that he endeavored, after he was evicted, to rent other land to cultivate during the year 1915, but could not, except that he worked 17 days at the rate of $35 a month. Appellee's testimony as to the crops he would have grown on the land, and their value, if he had been permitted to grow them, was not disputed by any other testimony, but to some extent was corroborated by testimony admitted. His testimony as to efforts he made to secure other land to cultivate after he was evicted, and to secure other employment seems to have been neither affirmed nor denied by other testimony.

The court instructed the jury as follows:

"If you believe from a preponderance of the evidence that the plaintiff, C. T. Duke, entered into a contract with the defendant, W. S. Hatcher, by which the plaintiff, C. T. Duke, rented to

the defendant about 50 acres of land for the year 1915, for which the defendant was to pay to the plaintiff one-third of the corn and one-fourth of the cotton raised thereon, and you further believe that thereafter the plaintiff in violation of said contract (if there was one) on, to wit, the 31st day of March, 1915, wrongfully caused a writ of sequestration to be levied on said 50 acres of land, and the defendant was wrongfully dispossessed of said land, and that by reason of the wrongful levy of such sequestration he was unable to make a crop during said year 1915 on said premises, and that by reason thereof he was damaged, then you will find for the defendant such damages as will reasonably compensate him for his being deprived of the right to occupy, cultivate, and use said premises for said year 1915. In considering such damages for the wrongful dispossession of a tenant, you may take into consideration the tenant's part of the market value of the crops he would reasonably be expected to raise on the premises during the said year 1915, less the expenses necessary in planting, cultivating, harvesting, and marketing the said crops."

The court refused the request of appellant that he instruct the jury as follows:

"If you find from a preponderance of the evidence that the defendant, W. S. Hatcher, was wrongfully ejected from the premises in controversy, by the plaintiff, and he was damaged thereby, then you are further charged that it was the duty of the defendant, W. S. Hatcher, to use reasonable diligence to procure other land upon which to plant and make a crop during the year 1915 and thereby lessen the damages sustained, if any. You are further instructed that if, after having used due diligence to procure other land upon which to make a crop during the year 1915, if such diligence has been shown, the said defendant, W. S. Hatcher, failed to procure same, it was his further duty to diligently seek such other employment, and in estimating damages sustained by the defendant, if any, you will take into consideration the amount that he earned, or by reasonable diligence could have earned, after being ejected from the premises in controversy by virtue of the writ of sequestration issued herein."

The contention on this appeal is that the trial court erred when he refused to give the requested special charge just set out above.

C. C. Hines, of Jefferson, and O'Neal & Allday, of Atlanta, for appellant.
Bartlett & Lincoln, of Linden, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It may be conceded that the measure of damages applicable to the case made by the testimony was as appellant claimed it to be, and therefore that it was error for the trial court to refuse the special charge set out in the statement above. Lott v. Ballew, 198 S. W. 645; Pressler v. Warren, 57 Tex. Civ. App. 635, 122 S. W. 909; Brooks v. Davis, 148 S. W. 1107; Smith v. Milam, 143 S. W. 293; Miller v. Oil Co.,

166 S. W. 1182; Ry. Co. v. Norton, 188 S. W. 1011; Ins. Co. v. Griffith, 185 S. W. 335. But it does not follow that the judgment should therefore be reversed. To accomplish that the action of the trial court must not only have been erroneous, but it must appear from the record sent to this court that the error was one calculated to cause, and which probably did cause, the rendition of an improper judgment. Rule 62a for the government of Courts of Appeals (149 S. W. x). The only effect the error (if it was one) could have had prejudicial to appellant's rights was to cause the jury to find in appellee's favor for a sum in excess of that they otherwise would have found.

[2] Keeping the testimony in mind, we do not think it at all likely it had that effect. And it seems that appellant took the same view of the matter, for he does not complain here, as he must to be entitled to relief on that account, that the verdict and judgment are excessive. Ry. Co. v. Stewart, 164 S. W. 1059; Ry. Co. v. Goff, 146 S. W. 573; Ry. Co. v. Sears, 155 S. W. 1003.

The judgment is affirmed.

---

⊱⊶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes