SMALLING et al. v. SMALLING et al.
(No. 647.)

Court of Civil Appeals of Texas. Waco.
Feb. 16, 1928.

Rehearing Denied March 22, 1928.

1. Partition ⬚91—Failure to issue writ of partition and to serve it on commissioners making partition held not to make partition illegal (Rev. St. 1925, arts. 6088, 6089).

In suit for partition, failure of clerk to issue writ of partition as provided for by Rev. St. 1925, art. 6088, and to serve it on commissioners as required by article 6089, did not render partition based on their report error, in view of fact that commissioners were furnished with copy of decree appointing them and giving them directions, and that their report in all things complied with such decree.

2. Appeal and error ⬚1026—In absence of showing of injustice, appellate court will not reverse judgment for abstract error.

In absence of showing of injustice, appellate court will not reverse trial court's judgment because of abstract error.

3. Partition ⬚91—Expense incident to issuing writ of partition and service on commissioners, who accept notice and perform services required without it, is unnecessary (Rev. St. 1925, arts. 6088, 6089).

Where commissioners to make partition will accept notice and perform services required without issuance of writ and service on them, required by Rev. St. 1925, arts. 6088, 6089, expense incident thereto is unnecessary.

4. Partition ⬚92—Commissioners to make partition having district clerk draw names of owners held to have awarded land by lot (Rev. St. 1925, art. 6094).

Where court's order did not require commissioners to make partition of land to determine to whom respective parcels should go by lot, and they divided land into tracts and had district clerk to draw names of persons entitled thereto, they sufficiently complied with Rev. St. 1925, art. 6094, requiring them to award tracts by lot.

5. Partition ⬚38—District court has power to partition between cotenants, independent of strict provisions of statutes.

District court has power to partition estates between cotenants independent of strict provisions of statutes.

Appeal from District Court, Henderson County; Ben F. Dent, Judge.

Suit by Mrs. J. H. Smalling and others against Charles Smalling and another for partition. From a decree approving a report of the commissioners and dividing the property, defendants appeal. Affirmed.

R. R. Owen and J. R. Curington, both of Corsicana, for appellants.
Sam Holland, of Athens, for appellees.

BARCUS, J. Mrs. J. H. Smalling and husband owned 77 acres of land near Trinidad in Henderson county. Mr. Smalling died intestate, leaving his wife and seven children. This suit was instituted by Mrs. Smalling and five of the children against the other two children, Mrs. Jackson and Charles Smalling, appellants herein, for a partition of said tract of land, alleging that Mrs. Smalling was entitled to a one-half interest and each of the seven children to a one-fourteenth interest therein. Appellants answered said petition and admitted the property was owned in the proportions named by appellees. The cause was tried to the court at its February term 1927, and the court found the property was subject to division in kind, and that Mrs. Smalling was entitled to a one-half interest and each of the seven children to a one-fourteenth interest, and appointed three commis-

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sioners to divide the property in accordance therewith and report to the August term of court. The commissioners appointed divided the property in accordance with said decree, and filed with their report the field notes to the tract of land set aside to each respective claimant. They gave to Mrs. Smalling the north one-half of the land, and divided the other half into seven parcels, and, after they had divided same, they determined the parcel of land that should go to each respective child by having same drawn by the district clerk in the presence of the district judge. Appellant Mrs. Jackson received 4¾ acres, and appellant Charles Smalling received 5¾ acres. The seven tracts of land as divided contained from 3 to 7 acres of land; each of the commissioners testifying that the smaller tracts were as valuable as the larger tracts because of the location, class, and character of the property. Those who received the smallest tracts are not complaining.

Appellants contested the report of the commissioners, and asked that same be set aside, and the court, after hearing the contest and evidence, in all things approved the report of the commissioners, and by decree divided the property in accordance with the said report. Mrs. Jackson and Charles Smalling alone appeal.

[1, 2] Appellants contend that the acts of the commissioners in dividing the estate were illegal and should not have been confirmed, because no writ of partition was issued by the clerk as provided by article 6088 of the Revised Statutes 1925, and same was not served upon the commissioners, as provided by article 6089 of the Revised Statutes; their contention being that until the writ was actually issued and served in the manner and form required by law, the commissioners had no power to act. We overruled this contention. They do not contend that the commissioners were not qualified, or that the amount awarded to them was of less value than that awarded to any of the other seven children. They do contend that Mrs. Smalling was awarded more than her share in value, but the evidence supports the award, which the trial court found to be just, fair, and equal. The record shows without dispute that the commissioners were furnished with an exact copy of the decree of the trial court appointing them commissioners and giving them directions with reference to how same should be partitioned, and the report they filed was in all things in compliance with said decree. As was well said in the case of Fagan v. Fa-

gan, 56 Tex. Civ. App. 175, 120 S. W. 550, which was a partition suit:

"In the absence of some showing by defendants that some injustice was suffered by them in the trial, or as the result of the judgment entered, this court will not reverse simply because of an abstract error committed by the trial court."

[3] The expense incident to the issuing of a writ and service upon the commissioners is unnecessary when the commissioners will accept notice and perform the services required without that expense being incurred.

[4, 5] Appellants further contend that the partition between the parties is void because same was not determined by lot or chance, as provided by article 6094 of the Revised Statutes. We overrule this assignment. Under the testimony of the commissioners, it appears as a matter of fact that they did in effect, by lot award to each of the children one of the tracts into which they had divided the south half of the land. The order of the court did not require the commissioners to determine to whom the respective parcels should go by lot, and, in the absence of such instruction, they were not required to use said method. Moor v. Moor (Tex. Civ. App.) 63 S. W. 347; Moore v. Blagge, 91 Tex. 151, 38 S. W. 979. The decree of the court required the commissioners to set aside Mrs. Smalling one-half in value of said property and to each of the other parties a one-fourteenth interest. Our courts have uniformly held that the district court has power to partition estates between cotenants independent of the strict provisions of the statutes. Blagge v. Shaw (Tex. Civ. App.) 41 S. W. 756; Moore v. Blagge, 91 Tex. 151, 38 S. W. 979; Oliver v. Oliver (Tex. Civ. App.) 181 S. W. 705. The trial court found—and said finding is abundantly supported by the record—that the commissioners fairly, justly, and equitably partitioned the property, and that Mrs. Smalling had been awarded a one-half in value of the entire property and each of the other seven had been awarded a one-fourteenth interest in value thereof. With the sole exception that no writ was issued and served upon the commissioners notifying them of their appointment, the entire proceedings appear to have been in strict compliance with the statute, and made in an open, just, and fair way. We have examined all of appellants' assignments of error, and same are overruled.

The judgment of the trial court is affirmed.